IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

```
Sumi Cho                                      )
              Plaintiff                       )
v.                                            )
                                              )
DePaul University                             )
              Defendant.                      )
_____ )
```

## Complaint and Jury Demand

Plaintiff, Sumi Cho, alleges the following for her complaint against DePaul University:

## Parties

1.      Sumi Cho ("Professor Cho") is a resident of Cook County, Illinois, a woman, and an American of Asian descent. She is a tenured full professor of law at the DePaul University College of Law (the "COL" or the "Law School"), which is located in Chicago (Cook County), Illinois.

2.      DePaul University ("DePaul" or the "University") is a not-for-profit corporation and is the largest Catholic university in the United States. DePaul's principal place of business is in Chicago (Cook County), Illinois.

## Jurisdiction and Venue

3.      This Court has jurisdiction over the DePaul because it committed the acts and omissions that are the subject of this litigation in Cook County, Illinois, which is in this district. This Court also has jurisdiction over DePaul University because is a resident of Cook County, Illinois.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the acts and omissions giving rise to the claims presented in this complaint occurred in this judicial district.

5. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1331 because this complaint alleges a violation of the federal Equal Pay Act, 29 U.S.C. §206, the federal Civil Rights Act of 1964, 42 U.S.C. §2000e, and the federal Civil Rights Act of 1991, 42 U.S.C. §1981.

**Factual Allegations**

6. All tenured professors at DePaul—such as Professor Cho—are expected to demonstrate a commitment to scholarship, a commitment to teaching, and a commitment to service within the faculty member's college, the University, and the academy as a whole.

7. With respect to her scholarship, Professor Cho was one of the ten most cited scholars at DePaul. This helped raise DePaul's scholarly impact score (a score calculated by Professor Gregory Sisk and colleagues at the University of St. Thomas School of Law) to be among the top third of U.S. law schools, a fact that DePaul touts on its website. (*See* https://law.depaul.edu/about/news/Pages/faculty-sholarly-impact.aspx (last visited December 5, 2018).) And as the follow chart reveals, Professor Cho is currently the most cited active COL faculty member among those top ten referenced in that article:

| Top Ten Most Cited DePaul COL Faculty ("search terms") | Google Scholar Citations as of 12/30/17 |
|---|---|
| Sumi Cho (verified DePaul page) | 1834 |
| David Franklin ("David L. Franklin DePaul") | 305 |
| Patty Gerstenblith ("Patty Gerstenblith") | 1387 |
| Andrew Gold ("Andrew S. Gold DePaul") | 468 |
| Roberta Kwall ("Roberta R. Kwall DePaul") | 1235 |
| Joshua Sarnoff ("Joshua D. Sarnoff") | 649 |
| Mark Weber ("Mark C. Weber DePaul") | 1163 |
| Susan Bandes (retired Spring 2017) | NA |
| Jeffrey Shaman (retired Spring 2017) | NA |
| Stephen Siegel (retired Spring 2017) | NA |

8. Professor Cho is also a widely respected teacher and mentor to students from a broad range of backgrounds. Her teaching evaluations are consistently above the COL mean, and

2

her time-intensive commitment to formative assessment of critical thinking and writing provides valuable skills development for future legal professionals. This may also be why she has received awards from student organizations such as the Asian Pacific American Law Students Association Diversity Banquet Award (2016), the Helen F. McGillicuddy Award, Journal of Women, Gender and Law (2016), and the Faculty Excellence Award from the Black Law Students Association (2011). And during the Spring of 2017, COL students successfully petitioned DePaul's Quality of Instruction Counsel to award Professor Cho the University Excellence in Teaching Award in effect overruling the COL nominating committee, which did not forward Professor Cho's name to the university committee responsible for determining the award's recipient.

9. Professor Cho has provided important and meaningful service to the COL and university. For example, she has served on or chaired the Diversity Committee every year since its inception in the late 1990s until the end of 2016/7 academic year. She was primarily responsible for hosting the main loop event to commemorate the Dr. Martin Luther King, Jr. Day holiday for eighteen years from 1999-2016. During this time, these community-oriented programs exploring different themes on racial justice were attended by community, staff, students and faculty, and tens of thousands of dollars in scholarships were awarded to the winners of the hosted Dr. King, Jr. and Ella Baker essay competitions.

10. Professor Cho has also been recruited or elected to serve on prestigious national boards. She has served on the board of one of the largest law professor membership organizations, the Society of American Law Teachers, she was a founding member and on the Board of Governors for LatCrit, Inc., and she served as a board member for the largest Asian American civil rights organization, Asian Americans Advancing Justice (both national and Chicago boards). She is a col-

laborator with the African American Policy Forum which developed the #SayHerName campaign. Professor Cho has served on the Andrew Mellon Foundation's "Our Compelling Interests" Advisory Board. Her service has been so exemplary and important to the national community of law professors of color (represented by the Association of American Law Schools Section on Minority Groups), that members petitioned to create a new award (now called the "Derrick A. Bell, Jr. Award") in 1999 to recognize a junior faculty member who, through activism, mentoring, colleagueship, teaching, and scholarship, has made an extraordinary contribution to legal education, the legal system, or social justice. Professor Cho was honored to be selected as the inaugural recipient of this prestigious award by her law faculty of color peers.

11. Because it is a private university, DePaul discourages professors from sharing information concerning their compensation. Notwithstanding this, Professor Cho learned that, despite her significant record of teaching, research, and service, she was (significantly) underpaid as compared to two male professors at the COL—Brian Havel (an American of Caucasian descent) and Terry Smith (an American of African Descent)—both of whom entered the academy within two years of Professor Cho entering the academy, and who were her peers at DePaul. The salary differential between Professor Cho on the one hand, and Professors Havel and Smith on the other hand, is as follows:

|       | 2015 salary differential | 2016 salary differential | 2017 salary differential |
|-------|--------------------------|--------------------------|--------------------------|
| Cho   | ---                      | ---                      | ---                      |
| Havel | $84,778.26               | $87,630.22               | $89,238.83               |
| Smith | $78,778.26               | $82,631.12               | $84,221.74               |

12. There is no legitimate reason for the salary disparity between Professor Cho on the one hand and Professors Havel and Smith on the other hand. The work performed by Professor Cho—with respect to her teaching responsibilities, her research responsibilities, and her service re-

4

sponsibilities—requires substantially similar skill, effort, and responsibility as the work performed by Professors Havel and Smith. Moreover, the work performed by Professor Cho was performed under substantially similar working conditions.

13. Given her record of teaching, research, and service, there is no legitimate reason that Professor Cho should receive lesser remuneration than similarly situated male professors. Rather, Occam's Razor suggests that the disparity in remuneration is grounded in gender and/or racial bias.

14. When Professor Cho challenged DePaul as to the difference in her pay as compared to Professors Havel and Smith, DePaul attempted to justify the differential by stating that Professors Havel and Smith had the title "Distinguished Research Professor of Law." However, when Professor Cho asked about applying to become a "Distinguished Research Professor of Law," DePaul stated that it was going to eliminate that honorific and, therefore, Professor Cho could not apply for it.

15. There are no differences between the responsibilities or working conditions of a "Distinguished Research Professor of Law" as compared to a full professor of law.

### Count I
*(Federal Equal Pay Act– 29 U.S.C. § 206, et seq.)*

16. Professor Cho re-alleges and incorporates paragraphs 1-15 of this complaint as if set forth fully herein.

17. DePaul has violated the Equal Pay Act by paying Professor Cho wages at a rate less than the rate at which it pays similarly situated male law professors.

18. At all times relevant to this complaint, Professor Cho has performed work that is and was substantially similar to that of male professors at the COL considering the skills, effort,

and responsibilities of the job. Similarly, Professor Cho has worked under conditions similar to male law professors.

19. DePaul has paid Professor Cho at a lower rate than male law professors.

20. As a result of the acts complained of above, DePaul has unlawfully withheld and is continuing to withhold the payment of wages due to Professor Cho.

## Count II
*(Title VII of the Civil Rights Act of 1964–42 U.S.C. §2000e (sex discrimination))*

21. Professor Cho re-alleges and incorporates paragraphs 1-15 of this complaint as if set forth fully herein.

22. DePaul has engaged in unlawful employment practices by discriminating against Professor Cho with respect to her compensation on the basis of her sex.

23. Professor Cho occupies a job similar to at least two higher-paid male law professors with respect to the skill, effort, and responsibilities of her job.

24. The employment practices in which DePaul has engaged were intentional.

25. The employment practices in which DePaul has engaged were done with malice or reckless indifference to Professor Cho's rights.

26. The employment practices in which DePaul has engaged have caused Professor Cho humiliation, distress, inconvenience, and loss of enjoyment of life.

## Count III
*(Title VII of the Civil Rights Act of 1964–42 U.S.C. §2000e (race discrimination))*

27. Professor Cho re-alleges and incorporates paragraphs 1-15 of this complaint as if set forth fully herein.

28. DePaul has engaged in unlawful employment practices by discriminating against Professor Cho with respect to her compensation on the basis of her race.

29. Professor Cho occupies a job similar to at least two higher-paid non-Asian law professors with respect to the skill, effort, and responsibilities of her job.

30. The employment practices in which DePaul has engaged were intentional.

31. The employment practices in which DePaul has engaged were done with malice or reckless indifference to Professor Cho's rights.

32. The employment practices in which DePaul has engaged have caused Professor Cho humiliation, distress, inconvenience, and loss of enjoyment of life.

### Count IV
*(42 U.S.C. §1981* (race discrimination)*)*

33. Professor Cho re-alleges and incorporates paragraphs 1-15 of this complaint as if set forth fully herein.

34. DePaul has engaged in unlawful employment practices by discriminating against Professor Cho with respect to her compensation on the basis of her race.

35. Professor Cho occupies a job similar to at least two higher-paid non-Asian law professors with respect to the skill, effort, and responsibilities of her job.

36. The employment practices in which DePaul has engaged were intentional.

37. The employment practices in which DePaul has engaged were done with malice or reckless indifference to Professor Cho's rights.

38. The employment practices in which DePaul has engaged have caused Professor Cho humiliation, distress, inconvenience, and loss of enjoyment of life.

WHEREFORE, Professor Cho respectfully prays that this Court:

A.   Award back pay plus interest on that back pay;

B.   Award compensatory damages;

C. Award punitive damages in an amount sufficient to punish DePaul and to deter others from engaging in similar conduct;

D. Award attorney's fees and costs; and

E. Award any other relief that the Court deems just and/or equitable and/or proper.

## Jury Demand

Professor Cho demands trial by jury on all issues so triable.

Respectfully submitted,  /s/ Fitzgerald T. Bramwell
December 5, 2018  Fitzgerald T. Bramwell
 **LAW OFFICES OF FITZGERALD BRAMWELL**
 255 West Washington, Suite 2200
 Chicago, Illinois 60606
 312-924-2884 (voice)
 bramwell@fitzgeraldbramwell.com