IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMI CHO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18 C 8012 |
| ) | |
| DEPAUL UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER ON PARTIES' MOTIONS TO COMPEL**

Sumi Cho has filed two lawsuits against her employer, DePaul University. In the first (Case No. 18 C 8012), she asserts salary-related violations of the Equal Pay Act and Title VII of the Civil Rights Act of 1964. In the second (Case No. 18 C 8117), Cho asserts various other discriminatory and retaliatory conduct that she contends violates Title VII and 42 U.S.C. § 1981, as well as a claim for breach of contract. The undersigned judge is handling discovery matters in both cases by virtue of an order from the court's Executive Committee. *See* dkt. no. 30 (Order of May 24, 2019).

Both DePaul and Cho have filed motions to compel discovery. The Court addresses both motions in this order.

**1.    DePaul's motion to compel**

DePaul's motion to compel involves documents withheld by Cho on the basis of the attorney-client privilege or the work product doctrine. There are four issues: (1) waiver of work product protection on a few documents based on disclosure to third parties; (2) waiver of the attorney-client privilege by Cho's use of her DePaul e-mail account to communicate with her attorney; (3) waiver of the attorney-client privilege on

a few documents by sharing them with a co-worker who also had a legal dispute with DePaul; and (4) waiver due to Cho's production of an allegedly late and deficient privilege log.

### a. Disclosure to Montoya and Johnson

DePaul has moved to compel production of three documents over which Cho claimed work product protection: a December 18, 2017 communication with Margaret Montoya; a January 18, 2019 communication with Valerie Johnson; and a January 12, 2019 communication with Montoya. After the filing of the motion to compel, Cho produced the first two documents, leaving only the third for the Court to decide.

In the January 12 communication, Cho discussed Montoya's potential testimony in an upcoming DePaul disciplinary proceeding against Cho and attached a draft of her attorney's notes, prepared after an interview with Montoya regarding potential questions to be asked of her during the disciplinary hearing. The Court agrees with DePaul that Cho waived work product protection by sending this material to Montoya. This disclosure, to a witness not under Cho's control, substantially increased the opportunity for potential adversary to obtain the information: under the circumstances, Cho reasonably would understand that Montoya, a witness, would be questioned by DePaul about communications with Cho or her attorney. For this reason, the disclosure amounted to a waiver of work product protection. *See Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 736 (N.D. Ill. 2014). Cho must produce this document.

### b. Use of DePaul's e-mail system

DePaul contends that by communicating with her attorney using the university's e-mail system, Cho waived attorney-client privilege regarding those communications.

Waiver issues of this type largely involve the employee's privacy expectations regarding e-mail sent via the employer's system and are assessed by considering four factors:

- whether the employer banned personal use of its computers or e-mail;
- whether the employer monitored the use of its computers or e-mail;
- whether the employer or others had access to the computer or e-mail; and
- whether the employer notified the employee about these policies.

*See, e.g., Goldstein v. Colborne Acquisition Co.*, 873 F. Supp. 2d 932, 935 (N.D. Ill. 2012) (Leinenweber, J.). *See generally United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991) ("[I]nformation imparted to counsel without any expectation of confidentiality is not privileged." (citing *In re Feldberg*, 862 F.2d 622, 628 (7th Cir. 1988)).

      Consideration of these factors leads to a conclusion that Cho did not waive the privilege. First, DePaul does not preclude use of university e-mail accounts for personal matters. To the contrary, its policies state that "Limited personal use of Computing Resources by students, staff, and faculty is permissible if it does not violate this Policy or other University policies, or otherwise interfere with the legitimate education and business purposes of DePaul," none of which is the case here. Second, DePaul's policies state that it "does not routinely monitor individual usage of its Computing Resources," though it reserves the right to do so. And notices that appear upon log-in state that any access or monitoring would take place only in accordance with applicable laws and legitimate business purposes. This would lead a reasonable employee in Cho's position to believe that her e-mails would *not* be monitored. Third, DePaul did have access to the e-mail account, but "only in accordance with applicable laws, for legitimate business purposes," including system monitoring and maintenance,

complying with legal requirements, and administering university policies—none of which would suggest to a reasonable user in Cho's position that her e-mails to her personal legal counsel would be monitored. Finally, although DePaul put Cho on notice of its policies, as just discussed those policies did not indicate that her e-mail would be reviewed or monitored; the contrary is true.

For these reasons, the Court concludes that Cho did not waive the privilege regarding her communications with her attorney using the university's e-mail system. *Accord, e.g., Haynes of Ofc. of Att'y Gen.*, 298 F. Supp. 2d 1154, 1161-62 (D. Kan. 2003) (Fourth Amendment question; employee had a reasonable expectation of privacy in files stored on work computer owned by state government agency).

    c.    **Communications with Terry Smith**

DePaul seeks production between Cho, DePaul Professor Terry Smith, and attorney Fitzgerald Bramwell, who represented both of them. Cho invokes the common interest doctrine, under which a communication with counsel in the presence of a third party with a common legal interest does not amount to a waiver of privilege. *See, e.g., United States v. Evans*, 113 F.3d 1457, 1467 (7th Cir. 1997). She has established that this doctrine applies. DePaul specifically accused Cho and Smith of acting in concert to violate university policies. *See* Case No. 18 C 8117, dkt. no. 62, ¶ 65 ("The essence of the Charge is that Professor Cho (allegedly acting in concert with Professor Smith) attempted to destroy the careers of Professors Lawton and Morales by opposing their applications for tenure for reasons of racial politics."). Because DePaul accused of them of acting in concert to violate its policies and attempted to sanction them for this, Cho and Smith shared a common legal interest, making their communications with each

other and their attorney privileged. The fact that their interests might not have aligned 100 percent—Cho evidently sought to shift blame to Smith during her hearing—does not eliminate or render inconsequential their underlying common interest in defending against a charge of concerted misconduct.

### d. Tardy / deficient privilege log

The Court is unpersuaded that Cho has waived privilege or work product protection by providing a deficient privilege log or delaying too long in producing a log. It is true that this has happened slower than DePaul—as well as the Court—would have liked, but DePaul has not shown the sort of knowing foot-dragging, recalcitrance, or hiding the ball that might result in a waiver.

### e. Conclusion

For the reasons discussed above, the Court denies DePaul's motion to compel [60], with the exception of the January 12, 2019 communication with Montoya, which Cho is directed to produce by the close of business on May 19, 2019.

## 2. Cho's motion to compel

In her motion to compel, Cho sought responses to a number of interrogatories and document requests. The motion (like DePaul's) was filed on April 24, 2020, pursuant to an order by the Court dated March 31, 2020 stating, among other things, that "[t]he 4/2/2020 deadline for filing discovery-related motions is hereby extended to 4/24/2020 pursuant to General Order 20-0012, as amended, but will not be extended further." Dkt. no. 58. By the time of DePaul's response to the motion, filed on May 4, 2020, DePaul had offered a compromise, accepted by Cho, that resolved all but one of their disputes. The Court will rule on that dispute in a moment.

First, however, DePaul asks the Court to sanction Cho for filing a motion to compel without sufficient advance consultation. The Court overrules this request. Cho made a reasonable attempt to consult with DePaul before moving to compel production, but by the time April 24 rolled around, under the Court's order she had to either file the motion or forego the discovery. The fact that she opted for the former cannot plausibly be considered to be a sanctionable event.

The one remains dispute involves salary surveys and Cho's document requests 29 and 30. It appears that DePaul has produced a spreadsheet from a 2019 survey relating to the College of Law, where Cho teaches, as well as communications and documents made while the survey was ongoing, and a PowerPoint presentation that discusses the survey. DePaul says it has satisfied its legitimate obligations under these requests.

Cho says that DePaul's production regarding the 2019 survey results consists just of a one-page spreadsheet and that it does not make sense that this is the only document that amounts to the "final report, or summary of findings, or similar document which discusses the data and findings and makes any recommendations." *See* dkt. no. 64-5, at 7-8 (Jan. 10, 2020 attorney letter clarifying nature of request with regard to 2019 survey). DePaul says in a court filing that has produced the only document explaining the survey, namely the PowerPoint presentation. *See* dkt. no. 72 at 5. The Court takes DePaul at its word and declines to order further production with regard to the 2019 survey.

This leaves only earlier surveys. Cho has some information that a salary survey was conducted at some point from 2002 to 2009 based on allegations of discrimination

6

by Morrison Torrey, a former faculty member. DePaul says in a court filing that it is unaware of any such survey. *See id.* at 5. It has agreed that if any salary survey was considered in adjusting the salaries of Cho, Smith, or one other professor (Havel) in 2008-09, it will produce this to Cho under the compromise that it offered. DePaul argues, however, that the cost and burden of searching through electronic and perhaps paper files for earlier periods for what it says amounts to a needle in a haystack outweighs any legitimate need for such information. The Court agrees. Cho's complaint in this case concerns her pay in 2015, 2016, and 2017. *See* Compl. ¶ 11. The probative value of any survey involving the academic years starting in 2007 or earlier would be marginal at best. And DePaul has sufficiently established that searching for it would impose an undue burden. If Cho can establish, via discovery, sufficient details about the existence, nature, location, and probative value of the earlier claimed survey that would minimize any burden to DePaul to search for it, she may renew this request with in the time allotted for fact discovery.

For these reasons, the Court denies Cho's motion to compel [64] but holds DePaul to the compromises discussed in its response to the motion.

## Conclusion

The Court denies DePaul's motion to compel [60], with the exception of the January 12, 2019 communication with Montoya, which Cho is directed to produce by the close of business on May 19, 2019, and denies Cho's motion to compel [64] but holds DePaul to the compromises discussed in its response to the motion.

Date: May 17, 2020

_____
        MATTHEW F. KENNELLY
        United States District Judge